IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CITY OF TACOMA, a Washington municipal corporation, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.05-62-GMS |
| WORLDGATE COMMUNICATIONS, INC., a Delaware corporation, | : | |
| Defendant. | : | |

**ANSWERING BRIEF OF PLAINTIFF, CITY OF TACOMA,
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Adam Balick (DE Bar No. 2718)
Joanne Ceballos (DE Bar No. 2854)
BALICK & BALICK LLC
711 King Street
Wilmington, DE 19801
(302) 658-4265

Attorneys for Plaintiff
City of Tacoma

Dated: March 11, 2005

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS...................................................1

STATEMENT OF FACTS....................................................................................1

SUMMARY OF ARGUMENT...............................................................................2

ARGUMENT.....................................................................................................2

    I.      Worldgate's Motion to Dismiss Should Be Denied Because Worldgate Has Not Shown Beyond Doubt That Tacoma Can Prove No Set Facts That Would Entitle It To Relief On An Unjust Enrichment Claim...........................................2

CONCLUSION..................................................................................................5

EXHIBIT A (*Compaq Computer Corp v. Inacom Corp.*).....................................Attached

EXHIBIT B (*Breakaway Solutions, Inc. v. Morgan Stanley & Co.*).......................Attached

EXHIBIT C (*The Litigation Trust of MDIP, Inc. v. Rapoport*)..............................Attached

# TABLE OF AUTHORITIES

## CASES

*Compaq Computer Corp v. Inacom Corp.*,
C.A. No. 01-108-GMS, 2001 WL 789408 (D.Del. July 12, 2001)..................................3

*Liafail, Inc. v. Learning 2000, Inc.*,
C.A. Nos. 01-599-GMS, 01-678-GMS,
2002 U.S. Dist.LEXIS 22620 (D.Del.Nov. 25, 2002).....................................................4

*ID Biomedical Corp. v. TM Technologies, Inc.*,
C.A. No. 13269, 1995 Del.Ch.LEXIS 34 (Del.Ch. March 16, 1995)................................4

*Wood v. Coastal States Gas Corp.*,
401 A.2d 932 (Del. 1979).................................................................................................4

*Chrysler Corp. v. Airtemp Corp.*,
426 A.2d 845 (Del. Super. 1980)......................................................................................4

*Breakaway Solutions, Inc. v. Morgan Stanley & Co.*,
C.A. No. 19522, 2004 WL 1949300, (Del.Ch. August 27, 2004).....................................4

*Litigation Trust of MDIP, Inc. V. Rapoport*,
C.A. No. 03-779-GMS, 2004 WL 3101575, (D.Del. Nov. 29, 2004)................................4

## RULES

Federal Rule of Civil Procedure 12(b)(6)......................................................................1,2

Federal Rule of Civil Procedure 8(e)(2)......................................................................2,3,4

Federal Rule of Civil Procedure 12(a)(4)(A)....................................................................5

## OTHER AUTHORITIES

1 D. Wolfe & M. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery*, § 12-1[b] at 12-11 (2004)..................................................................................2

## NATURE AND STAGE OF THE PROCEEDINGS

On February 4, 2005, plaintiff, the City of Tacoma ("Tacoma"), filed its Complaint against defendant, WorldGate Communications, Inc. ("WorldGate"), alleging that Tacoma is entitled to a monetary judgment against WorldGate due to WorldGate's failure to fulfill contractual obligations to Tacoma, and that Tacoma is entitled to restitution of sums it paid to WorldGate based on an unjust enrichment theory. On February 25, 2005, WorldGate, in lieu of filing an Answer to the Complaint, filed a motion to dismiss the unjust enrichment count of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the unjust enrichment claim is inconsistent with Tacoma's breach of contract claim. This is Tacoma's Answering Brief in Opposition to WorldGate's Motion to Dismiss.

## STATEMENT OF FACTS

Tacoma and WorldGate entered into a seven year Affiliation Agreement at the end of 1998, pursuant to which WorldGate was to supply hardware, software and interactive services to allow Tacoma, through its telecommunications division, Click!Network, to offer cable television subscribers interactive Internet access through their television sets. Complaint ¶¶ 8,9. Tacoma paid WorldGate for equipment and services, but Click!Network's interactive Internet access offering experienced numerous service outages due to WorldGate equipment failures and WorldGate's failure to keep the offering current with changes in web technology. Complaint ¶13. WorldGate eventually ceased performance under the Agreement two years prior to the expiration of its seven year term. Complaint ¶18. WorldGate has disputed its obligation to pay any sums to

Tacoma as a result of its cessation of performance, necessitating Tacoma's filing of the Complaint. WorldGate has not taken a position in response to the Complaint regarding its obligations under the Affiliation Agreement.

## SUMMARY OF ARGUMENT

As a movant seeking dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, WorldGate bears the burden of persuading the Court that there is no set of facts that Tacoma can prove that would entitle it to recovery on grounds of unjust enrichment. WorldGate, however, has not alleged that Tacoma's unjust enrichment claim lacks factual support but, rather, as a matter of law it is inconsistent with Tacoma's breach of contract claim. However, even assuming arguendo that the claims are inconsistent,[1] Rule 8(e)(2) expressly allows alternative and inconsistent pleading. At this early stage of the proceeding, when WorldGate has not even taken a position regarding the enforceability or meaning of the Affiliation Agreement, and no discovery has been conducted, Tacoma's unjust enrichment claim should not be dismissed.

## ARGUMENT

I.  **WORLDGATE'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE WORLDGATE HAS NOT SHOWN BEYOND DOUBT THAT TACOMA CAN PROVE NO SET OF FACTS THAT WOULD ENTITLE IT TO RELIEF ON AN UNJUST ENRICHMENT CLAIM.**

This Court has previously observed that

[t]he purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. ... In particular, the court looks to "whether sufficient facts are pleaded to

---

[1] According to 1 D. Wolfe & M. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery*, §12-1[b] at 12-11 (2004), "Unjust enrichment ... may reveal itself in the form of benefits resulting from a breach of contract."

2

> determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." ... Thus, in order to prevail, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."

*Compaq Computer Corp. v. Inacom Corp.*, C.A. No. 01-108-GMS, 2001 WL 789408, *1 (D.Del. July 12, 2001)(citations omitted)(attached hereto as Exhibit A). WorldGate does not assert in its motion papers that Tacoma has alleged insufficient facts to support an unjust enrichment claim but, rather, that recovery under an unjust enrichment theory is inconsistent with Tacoma's breach of contract claim. Even assuming arguendo that the claims are inconsistent, Rule 8(e)(2) of the Federal Rules of Civil Procedure expressly permits pleading in the alternative, "regardless of consistency." In the *Inacom* case, the defendants moved to dismiss the complaint for failure to state a claim on grounds, *inter alia*, that the plaintiffs' unjust enrichment claim was not viable because the dispute was governed by a valid contract. *Id.* at *3. Upon reviewing the factual allegations of the complaint, the Court concluded that it could not, at such an early stage in the case, determine as a matter of law that the plaintiffs would not be entitled to relief under any of the theories alleged. *Id.* at *5. In doing so, the Court declined to evaluate the strengths and weaknesses of all the different possible theories available to the plaintiffs, noting that "Rule 8(a)(2) does not require a claimant to set forth any specific legal theory justifying the relief sought on the facts alleged." *Id.* at *3-*4.

The Court should likewise decline to determine as a matter of law here that Tacoma "can prove no set of facts" that would entitle it to restitution based on unjust enrichment. WorldGate has not even answered the allegations of the Complaint and, accordingly, has not revealed its position regarding this dispute, nor has discovery been conducted. The two cases cited by WorldGate in its opening brief for the proposition that

3

a party cannot seek recovery under an unjust enrichment theory if the parties' relationship is governed by an express contract, *Liafail, Inc. v. Learning 2000, Inc.*, C.A. Nos. 01-599-GMS, 01-678-GMS, 2002 U.S.Dist.LEXIS 22620 (D.Del. Nov. 25, 2002), and *ID Biomedical Corp. v. TM Technologies, Inc.*, C.A.No. 13269, 1995 Del.Ch.LEXIS 34 (Del.Ch. March 16, 1995), were decided at the post-discovery summary judgment stage and after trial, respectively. The authorities relied upon in those cases, *Wood v. Coastal States Gas Corp.*, 401 A.2d 932 (Del. 1979), and *Chrysler Corp. v. Airtemp Corp.*, 426 A.2d 845 (Del. Super. 1980), were also decided post-trial and on summary judgment (with an evidentiary submission by the defendant), respectively.

Conversely, Vice Chancellor Noble recently denied a pre-discovery motion to dismiss an unjust enrichment claim pled with a breach of contract claim, noting that both claims should proceed "when there is doubt as to the enforceability or meaning of the terms of the contract in question." *Breakaway Solutions, Inc. v. Morgan Stanley & Co.*, C.A. No. 19522, 2004 WL 1949300, *14 (Del.Ch. Aug. 27, 2004)(attached hereto as Exhibit B). Although the Vice Chancellor cited New York law in arriving at his conclusion, his ruling is entirely consistent with Rule 8, which expressly allows alternative pleading. At this early stage of the proceeding, when WorldGate has not even taken a position about the enforceability or meaning of the terms of the contract, it would be premature for the Court to conclude that Tacoma cannot prove it is entitled to relief on grounds of unjust enrichment. *See The Litigation Trust of MDIP, Inc. v. Rapoport*, C.A.No. 03-779-GMS, 2004 WL 3101575, *5 (D.Del. Nov. 29, 2004)(in denying pre-discovery motion to dismiss, court notes that it would be inappropriate to determine whether directors breached fiduciary duties before adequate discovery had taken

place)(attached hereto as Exhibit C). Accordingly, WorldGate's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff, the City of Tacoma, respectfully requests that the Court enter an Order denying the Defendant's Motion to Dismiss and requiring WorldGate to answer the Complaint within ten days of entry of the Order, as required under Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.

           BALICK & BALICK LLC

           Adam Balick (DE Bar No. 2718)
           Joanne Ceballos (DE Bar No. 2854)
           711 King Street
           Wilmington, DE 19801
           (302) 658-4265
           Attorneys for Plaintiff
           City of Tacoma

Dated: March 11, 2005

## CERTIFICATE OF SERVICE

I, Joanne Ceballos, hereby certify that on the 11th day of March, 2005 two copies of the within Answering Brief of Plaintiff, City of Tacoma, In Opposition To Defendant's Motion to Dismiss were served by hand upon the following:

David P. Primack, Esquire
Drinker Biddle & Reath LLP
1100 North Market Street, Suit 1000
Wilmington, DE 19801-1254


JOANNE CEBALLOS