IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITY OF TACOMA<br><br>Plaintiff<br><br>v.<br><br>WORLDGATE COMMUNICATIONS, INC.<br><br>Defendant. | Civil Action No. 05-62 (GMS) |

**BRIEF IN REPLY TO PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT (COUNT III), PURSUANT TO FED. R. CIV. P. 12(b)(6)**

David P. Primack (# 4449)
DRINKER BIDDLE & REATH LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
302-467-4200 (telephone)
302-467-4201 (telecopy)

– and –

Matthew Frey, Esq.
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
215-988-2700 (telephone)
215-988-2757 (telecopy)

*Counsel for Defendant,*
*WorldGate Communications, Inc.*

Dated: March 16, 2005

## TABLE OF AUTHORITIES

### CASES

*Breakaway Solutions, Inc. v. Morgan Stanley & Co.*, No. Civ. A. 19522, 2004 WL 1949300 (Del. Ch. Aug. 27, 2004)..................................................................2

*Cantor Fitzgerald, L.P. v. Cantor*, C.A. No. 16297, 1998 Del. Ch. LEXIS 97 (June 16, 1998) (copy attached as Exhibit A)..................................................1

*Compaq Computer Corp. v. Inacom Corp.*, No. C.A. 01-108 (GMS), 2001 WL 789408 (D. Del. July 12, 2001)..................................................................1, 2

*Liafail, Inc. v. Learning 2000, Inc.*, C.A. Nos. 01-599, 01-678, 2002 U.S. Dist. LEXIS 22620 (D. Del. Nov. 25, 2002)..................................................1

*The Litigation Trust of MDIP, Inc. v. Rapoport*, No. C.A. 03-779 (GMS), 2004 WL 3101575 (D. Del. Nov. 29, 2004)..................................................2

### OTHER AUTHORITIES

5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1282(3d ed. 2004) ..................................................................1

The plaintiff's answering brief misses the point, which is not whether the plaintiff is entitled to plead in the alternative or whether WorldGate has "revealed its position regarding this dispute" or even whether it is "premature" for the Court to decide the viability of the plaintiff's claim for unjust enrichment. Rather, the point of WorldGate's motion is straightforward and well settled: The plaintiff here cannot plead a claim for unjust enrichment because its relationship with WorldGate is governed by a valid express contract. *E.g., Liafail, Inc. v. Learning 2000, Inc.*, C.A. Nos. 01-599, 01-678, 2002 U.S. Dist. LEXIS 22620, *39 (D. Del. Nov. 25, 2002) (Exhibit A to WorldGate's opening brief).

In fact, in neither its complaint nor its answering brief does the plaintiff cast even the slightest doubt on the enforceability or meaning of its contract with WorldGate. (After all, that contract is exhibit A to the plaintiff's complaint.) And WorldGate's "position" on this issue is irrelevant. As the case cited by the plaintiff itself states, "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Compaq Computer Corp. v. Inacom Corp.*, No. C.A. 01-108 (GMS), 2001 WL 789408, *1 (D. Del. July 12, 2001) (Exhibit A to plaintiff's answering brief). All that matters at this stage is "whether sufficient facts are pleaded to determine that the complaint is not frivolous ...." *Id.* Moreover, while it is of course true that pleading in the alternative is permitted under Rule 8(e)(2) of the Federal Rules of Civil Procedure, the counts set forth in the plaintiff's complaint are not thus pleaded; rather, they are cumulative and therefore the plaintiff's claim for unjust enrichment must be viewed in addition, not in the alternative, to its claim for breach of contract. *See* 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1282, at 713 (3d ed. 2004) (noting "either-or" construction of alternative pleading); *see also Cantor Fitzgerald, L.P. v. Cantor*, C.A. No. 16297, 1998 Del. Ch. LEXIS 97, *23 (June 16, 1998) (declining to dismiss

1

unjust enrichment claim in face of valid express contract only because complaint "specifically state[d]" unjust enrich claim pleaded "In the alternative, and/or with respect to conduct *not governed by the existence of an express contract*") (emphasis in original) (copy attached as Exhibit A).

The cases cited by the plaintiff in support of its opposition are equally beside the point. In *Compaq Computer Corp. v. Inacom Corp.*, No. C.A. 01-108 (GMS), 2001 WL 789408 (D. Del. July 12, 2001), no valid express contract governed the relationship between the parties, which explains why the plaintiffs pleaded equitable claims only, including unjust enrichment, and the Court, following the liberal rules of pleading under Rule 8, declined to dismiss those claims. Meanwhile, in *Breakaway Solutions, Inc. v. Morgan Stanley & Co.*, No. Civ. A. 19522, 2004 WL 1949300 (Del. Ch. Aug. 27, 2004), the court declined to dismiss a claim for unjust enrichment only after considering evidence that the valid express contract between the parties was ambiguous. *Id.* at *14-*15. Finally, *The Litigation Trust of MDIP, Inc. v. Rapoport*, No. C.A. 03-779 (GMS), 2004 WL 3101575 (D. Del. Nov. 29, 2004), is wholly irrelevant, since it involved purely equitable claims (unjust enrichment not among them) and no valid express contract governed the relationship between the parties.

[remainder of the page left intentionally blank]

For these reasons, as well as those set forth in the defendant's opening brief, the plaintiff's claim for unjust enrichment (count III) should be dismissed.

DATED: March 16, 2005

Respectfully,

_/s/ David P. Primack_
David P. Primack (DE 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
(302) 467-4200 tel.
(302) 467-4201 fax

Of Counsel
Matthew Frey, Esq.
DRINKER BIDDLE & REATH LLP
One Logan Square, 18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2700 tel.
(215) 988-2757 fax

Counsel for Defendant,
WorldGate Communications, Inc.

3