IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITY OF TACOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-62 GMS |
| ) | |
| WORLDGATE COMMUNICATIONS, INC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

1. On February 4, 2005, the plaintiff, City of Tacoma ("Tacoma"), filed the above-captioned lawsuit against WorldGate Communications, Inc. ("WorldGate"), alleging breach of contract, breach of faith, and unjust enrichment.

2. On February 25, 2005, WorldGate moved to dismiss Tacoma's unjust enrichment claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. WorldGate contends that dismissal is appropriate because the relationship between the parties was governed by a express contract and, as such, Tacoma is not entitled to equitable relief. (D.I. 5, at 2).

3. Conversely, Tacoma asserts that it is not precluded from alleging alternative theories of relief in the form of breach of contract and unjust enrichment claims, pursuant to Federal Rule of Civil Procedure 8(e)(2). Tacoma, however, acknowledges "the long recognized principle that a plaintiff cannot recover on an unjust enrichment theory where the parties' relationship is governed by an express contract." *Liafail, Inc. v. Learning 2000, Inc.*, C.A. Nos. 01-599-GMS, 01-678-GMS, 2002 WL 31667861, at * 13 (D. Del. Nov. 25, 2002).

4.  After having considered the parties' submissions on the issue (D.I. 4, 5, 7, 8) and the applicable law, the court concludes that it is appropriate to dismiss Tacoma's unjust enrichment claim, because Tacoma has failed to plead a factual basis upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *see also Synesiou v. DesignToMarket, Inc.*, C.A. No. 01-5358-GMS, 2002 U.S. Dist. *LEXIS* 5687, at *12-16 (E.D. Pa. Apr. 2, 2002).

5.  "The law in the Third Circuit is clear that equitable remedies are not available when a valid contract exists." *Sungard Recovery Services, L.P. v. Unisource Worldwide, Inc.*, C.A. No. 02-3845-GMS, 2002 U.S. Dist. *LEXIS* 22256, at *6 (D. Del. Oct. 30, 2002). In the present case, both parties acknowledge that there was a valid contract between them. (D.I. 1, ¶¶ 8-11; D.I. 5, at 2). While Federal Rule of Civil Procedure 8(e)(2) permits plaintiffs to plead alternative theories of relief, the fact that the federal rules permit alternative pleading does not mean that alternatively plead claims may not be dismissed if they fail to state a claim. As stated above, the finding of an enforceable contract defeats the validity of an unjust enrichment claim. *See Sungard*, 2002 U.S. Dist. *LEXIS* 22256, at *6; *see also Halstead v. Motorcycle Safety Found., Inc.*, 71 F. Supp. 2d 455, 459 (E.D. Pa. 1999) (unjust enrichment claim must fail when a valid contract exists); *Matter of Penn Center Transp. Co.*, 831 F.2d 1221, 1230 (3d Cir. 1987) (a plaintiff cannot maintain an unjust enrichment claim when an express contract existed on the same subject). Thus, because the parties agree that a valid contract exists here, Tacoma cannot maintain a claim for unjust enrichment.

Therefore, IT IS HEREBY ORDERED that:

1. WorldGate's Motion to Dismiss Plaintiff's Claim for Unjust Enrichment (Count III), Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 4) is GRANTED.

2. Count III of Tacoma's complaint is dismissed.

Dated: September 30, 2005

_____
UNITED STATES DISTRICT JUDGE

FILED

SEP 3 0 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE