UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CITY OF TACOMA, | : |
|         Plaintiff, | : |
|         v. | :    Civil Action No. 05 – 62 (GMS) |
| WORLDGATE COMMUNICATIONS, INC., | :    JURY TRIAL DEMANDED |
|         Defendant. | : |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF WORLDGATE COMMUNICATIONS, INC.**

The defendant, WorldGate Communications, Inc. ("WorldGate"), through its counsel, Drinker Biddle & Reath LLP, answers plaintiff's complaint as follows:

**PARTIES**

1. WorldGate is without knowledge or information sufficient to form a belief as to the truth of this averment, and it is therefore deemed denied.

2. Admitted.

**JURISDICTION AND VENUE**

3-4. This averment is a legal conclusion to which no response is required.

**FACTUAL BACKGROUND**

5-7. WorldGate is without knowledge or information sufficient to form a belief as to the truth of this averment, and it is therefore deemed denied.

8. Admitted that WorldGate entered into a WorldGate Affiliation Agreement with the Click! Network dated December 14, 1998. Admitted that a copy of that WorldGate

Affiliation Agreement is attached as Exhibit A to plaintiff's complaint.

9. WorldGate is without knowledge or information sufficient to form a belief as to the truth of this averment, and it is therefore deemed denied.

10. Admitted the WorldGate provided hardware and software to plaintiff. Further admitted that WorldGate received from plaintiff monies for these goods. The remaining averments in this paragraph are denied.

11. WorldGate denies plaintiff's characterizations of the rights and responsibilities arising from the WorldGate Affiliation Agreement, a document that speaks for itself.

12. WorldGate is without knowledge or information sufficient to form a belief as to the truth of this averment, and it is therefore deemed denied.

13-17. Denied.

18. Admitted that WorldGate informed Click! Network that it would terminate the chat, games, and content feeds on December 31, 2003. The remaining averments in this paragraph are denied.

## COUNT I
## BREACH OF CONTRACT

19. WorldGate incorporates the preceding paragraphs of its answer.

20-24. Denied.

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

25. WorldGate incorporates the preceding paragraphs of its answer.

26-27. Denied.

WHEREFORE, WorldGate demands judgment in its favor and against plaintiff on both counts set forth in plaintiff's complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim for which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred by the doctrines of laches.

4. Plaintiff's claims are barred by the doctrine of estoppel.

5. Plaintiff's claims are barred by the doctrine of waiver.

6. Plaintiff's claims are barred by its failure to mitigate its alleged damages.

7. Plaintiff's claims are barred by its failure to join necessary and indispensable parties.

8. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

9. Plaintiff's claims are barred by the doctrine of force majeure.

10. Plaintiff's claims are barred by the doctrines of commercial impossibility and/or impracticability.

11. Plaintiff's claims are barred because plaintiff itself effectively terminated the Affiliation Agreement by choosing to use a program guide incompatible with the WorldGate service, which WorldGate continued to make available.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, WorldGate counterclaims against the City as follows:

1.     Defendant/counterclaim-plaintiff WorldGate Communications, Inc. ("WorldGate") is a Delaware corporation with its principal place of business in Trevose, Pennsylvania. WorldGate is a technology company, having been a leading provider of interactive television entertainment applications, products, and services.

2.     The plaintiff/counterclaim-defendant, City of Tacoma ("the City"), is, on information and belief, a municipal corporation established and governed pursuant to Washington State law and a Freeholder's Charter and is located in Pierce County, State of Washington.

3.     Upon information and belief, the City is authorized to operate a telecommunications business pursuant to City Ordinance No. 25930 passed July 23, 1996.

4.     Upon information and belief, the City conducts its telecommunications business under the name of the Click! Network.

## COUNT I
## BREACH OF CONTRACT
### (Failure to Market and Promote WorldGate Services)

5.     WorldGate incorporates the preceding paragraphs of its counterclaim.

6.     The Click! Network executed a seven (7) year contract with WorldGate on December 17, 1998; this contract is known as the Affiliation Agreement. A copy of the Affiliation Agreement and its amendments is attached as Exhibit A.

7.     The Affiliation Agreement required the Click! Network "to diligently market and promote" to all customers the services offered by WorldGate ("WorldGate Services"). Affiliation Agreement, ¶ 4 & Exhibit C.

8.     The Click! Network refused to market and promote the WorldGate Services as required under the Affiliation Agreement, despite WorldGate's repeated requests that it do so.

9.  The Click! Network's failure to market and promote the WorldGate Services was in breach of the Affiliation Agreement.

10. As a result of this breach of the Affiliation Agreement, WorldGate was deprived of hundreds of thousands of dollars of revenue from the provision of its services to customers of the Click! Network.

## COUNT II
## BREACH OF CONTRACT
### (Wrongful Termination of Affiliation Agreement by Unilaterally Selecting Incompatible Program Guide)

11. WorldGate incorporates the preceding paragraphs of its counterclaim.

12. The City wrongly terminated the Affiliation Agreement on or about December 8, 2003, when it notified WorldGate that it had chosen a new interactive program guide that was incompatible with the WorldGate Services offered pursuant to the Affiliation Agreement.

13. As a result of this wrongful termination of the Affiliation Agreement, WorldGate was deprived of hundreds of thousands of dollars of revenue from the provision of its services to customers of the Click! Network.

## COUNT III
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

14. WorldGate incorporates the preceding paragraphs of its counterclaim.

15. The City's breach and subsequent wrongful termination of the Affiliation Agreement was arbitrary and unreasonable and furthermore had the effect of depriving WorldGate of the fruits of the Affiliation Agreement.

16. The City therefore breached the implied covenant of good faith and fair dealing, causing WorldGate to sustain damages, including lost revenue.

## COUNT IV
## UNJUST ENRICHMENT

17. WorldGate incorporates the preceding paragraphs of its counterclaim.

18. While the Affiliation Agreement was in effect between WorldGate and the City, WorldGate conferred benefits on the City that were above and beyond what it was obligated to provide under the Affiliation Agreement.

19. These benefits included additional equipment, technical support, and funds for marketing campaigns designed to increase interest in the WorldGate Services.

20. Accordingly, WorldGate demands restitution equivalent to the sums it expended extracontractually on the City's behalf and/or paid directly to the City.

## COUNT V
## RECOUPMENT

21. WorldGate incorporates the preceding paragraphs of its counterclaim.

22. In the event WorldGate is found liable for the City's alleged damages, WorldGate is entitled to recoup the amount of money equal to those alleged damages.

- 7 -

WHEREFORE, WorldGate demands judgment in its favor and against the City on all of its counterclaims, together with all other relief the Court deems just and proper.

DATED: October 17, 2005

/s/ David P. Primack
David P. Primack (DE 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254
(302) 467-4200 tel.
(302) 467-4201 fax

*Of Counsel*
David F. Abernethy
Matthew Frey
DRINKER BIDDLE & REATH LLP
One Logan Square, 18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2700 tel.
(215) 988-2757 fax

Counsel for Defendant,
WorldGate Communications, Inc.