IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITY OF TACOMA | |
| Plaintiff | |
| v. | Civil Action No.  05-62 (GMS) |
| WORLDGATE COMMUNICATIONS, INC. | |
| Defendant. | |

## JOINT STATUS REPORT

The parties hereby submit their joint status report, pursuant to the Court's Order of October 17, 2005.

**1.    Jurisdiction and Service.**

Neither party contests the Court's personal or subject matter jurisdiction.  All parties have been served.

**2.    Substance of the Action.**

*Plaintiff/Counterclaim-defendant, City of Tacoma*

Tacoma and WorldGate entered into a seven year Affiliation Agreement at the end of 1998, pursuant to which WorldGate was to supply hardware, software and interactive services to allow Tacoma, through its telecommunications division, Click!Network, to offer cable television subscribers interactive Internet access through their television sets.  Tacoma paid WorldGate for equipment and services, but Click!Network's interactive Internet access offering experienced numerous service outages due to WorldGate equipment failures and WorldGate's failure to keep the offering current with changes in web technology.  WorldGate eventually ceased performance under the Agreement two years prior to the expiration of its seven year term.

WorldGate has disputed its obligation to pay any sums to Tacoma as a result of the failure of the Internet access offering to perform as expected and WorldGate's cessation of performance.

With respect to WorldGate's defenses and counterclaims (as described below by WorldGate), Tacoma denies that it breached any contractual obligations or the implied covenant of good faith and fair dealing, that it wrongfully terminated the Affiliation Agreement, and that WorldGate has a viable unjust enrichment claim. Tacoma further denies that WorldGate is entitled to recoup any amounts it owes Tacoma.

*Defendant/Counterclaim-plaintiff, WorldGate Communications, Inc.*

With respect to the City's complaint, WorldGate denies that it breached either the Affiliation Agreement or its duty of good faith and fair dealing. WorldGate denies that it "unlawfully ceased performance under the Affiliation Agreement" or that there were "numerous service outages" caused by "WorldGate equipment failures" or WorldGate's "failure" to keep pace with "changes in web technology." Indeed, it was the City that, in December 2003, unilaterally switched to a new program guide that was incompatible with the service WorldGate offered, effectively terminating the Affiliation Agreement. WorldGate also denies that it had any obligation under the Affiliation Agreement to provide customer support to end-users of the WorldGate service, and that in fact any such support it provided was gratuitous. Finally, WorldGate asserts that pursuant to the doctrines of force majeure and commerical impossibility/impracticability, its failure to continue to offer WorldGate service was excused.

With regard to its counterclaims, WorldGate alleges first that under the Affiliation Agreement the City was obligated to market and promote to its customers the services offered by WorldGate, and that the City in fact failed to do so. Second, WorldGate alleges that the City wrongfully terminated the Affiliation Agreement on or about December 8, 2003 by unilaterally

selecting a software program guide incompatible with the WorldGate Service offered pursuant to

the Affiliation Agreement. Third, WorldGate alleges that the City's breach and subsequent

wrongful termination of the Affiliation Agreement was in breach of the implied covenant of

good faith and fair dealing. Fourth, WorldGate alleges that it conferred benefits on the City that

were above and beyond those it was obligated under the Affiliation Agreement to provide, and

that the City is therefore liable for a claim of unjust enrichment. Specifically, WorldGate asserts

that it provided the City with additional equipment, technical support, and funds for marketing

campaigns designed to increase interest in the WorldGate Services. Finally, WorldGate seeks

recoupment of an amount equal to the City's alleged damages, in the event WorldGate is found

liable for those alleged damages.

3.    **Identification of Issues.**

*Plaintiff/Counterclaim-defendant, City of Tacoma*

Whether WorldGate breached the Affiliation Agreement.

Whether WorldGate wrongfully terminated the Affiliation Agreement.

Whether WorldGate breached the implied covenant of good faith and fair dealing.

The amount of damages sustained by Tacoma.

*Defendant/Counterclaim-plaintiff, WorldGate Communications, Inc.*

Whether Tacoma breached the Affiliation Agreement.

Whether Tacoma wrongfully terminated the Affiliation Agreement.

Whether Tacoma breached the implied covenant of good faith and fair dealing.

Whether, pursuant to the doctrines of force majeure and commerical impossibility/impractibility, WorldGate's failure to perform under the Affiliation Agreement was excused.

Whether WorldGate is entitled to recover under an unjust enrichment theory.

Whether WorldGate is entitled to recoup an amount equal to any damages awarded to Tacoma.

The amount of damages sustained by WorldGate.

**4.      Narrowing of Issues.**

The parties will endeavor to narrow the issues for trial assuming the information revealed in discovery enables them to do so.

**5.      Relief.**

*Plaintiff/Counterclaim-defendant, City of Tacoma*

As a result of WorldGate's conduct, Tacoma sustained damages, including but not limited to sums it expended on equipment, marketing and promotion in connection with the WorldGate Service, as well as lost revenue. The amount Tacoma spent on equipment alone exceeds One Million Dollars ($1 million).

*Defendant/Counterclaim-plaintiff, WorldGate Communications, Inc.*

WorldGate seeks damages in an amount equal to its lost revenue attributable to the City's (a) failure to market and promote the WorldGate Service as it was obligated to do under the Affiliation Agreement; and (b) wrongful termination of the Affiliation Agreement by unilaterally selecting a new interactive program guide incompatible with the WorldGate services offered pursuant to the Affiliation Agreement. WorldGate also seeks (a) restitution in an amount equal to the value of the goods, services, and funds it provided the City, above and beyond any obligation it had under the Affiliation Agreement to do so; or (b) in the event WorldGate is found liable for the City's damages, recoupment of an amount equal to those alleged damages.

**6.      Amendment of Pleadings.**

To the extent discovery reveals any additional causes of action against

- 4 -

WorldGate, Tacoma, or others, each of the parties intends to move to amend the pleadings within the time frame prescribed in the Court's Scheduling Order.

**7.      Joinder of Parties.**

To the extent discovery reveals the existence of parties which should be joined, each of the parties intends to move to join such parties within the time frame prescribed in the Court's Scheduling Order.

**8.      Discovery.**

*Plaintiff/Counterclaim-defendant, City of Tacoma*

Tacoma anticipates serving interrogatories, requests for documents, requests for admissions, and noticing the depositions of the WorldGate employees involved in the marketing, negotiation, execution and performance of the Affiliation Agreement and its amendments, a corporate representative of WorldGate, and possibly non-parties who have knowledge of facts alleged in the Complaint and Counterclaims.

*Defendant/Counterclaim-plaintiff, WorldGate Communications, Inc.*

WorldGate anticipates serving interrogatories, requests for documents, requests for admissions, and noticing the depositions of the signers of the Affiliation Agreement and its amendments, as well as of a corporate representative of the Click! Network and others involved in the day-to-day operations of the Network.

**9.      Estimated Trial Length.**

The parties estimate that the trial of this action will take five days.

**10.      Jury Trial.**

Tacoma has perfected a jury demand on its claims.  WorldGate has not demanded a jury trial on its counterclaims, but Tacoma intends to do so.

- 5 -

11.    **Settlement.**

The parties' pre-suit settlement discussions were unsuccessful but both parties agree that the case should be referred to the Magistrate for mediation.

The parties certify that they have conferred about each of the above matters.

DATED:  October 20, 2005

                                                            /s/ David P. Primack
                                                    David P. Primack (DE 4449)
                                                    DRINKER BIDDLE & REATH LLP
                                                    1100 N. Market Street, Suite 1000
                                                    Wilmington, DE  19801-1254
                                                    (302) 467-4200 tel.
                                                    (302) 467-4201 fax

Of Counsel
David F. Abernethy                                  Counsel for Defendant,
Matthew Frey                                        WorldGate Communications, Inc.
DRINKER BIDDLE & REATH LLP
One Logan Square, 18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2700 tel.
(215) 988-2757 fax

                                                            /s/ Adam Balick
                                                    Adam Balick (DE 2718)
                                                    Joanne Ceballos (DE 2854)
                                                    BIFFERATO, GENTILOTTI,
                                                    BIDEN & BALICK, P.A.
                                                    711 King Street
                                                    Wilmington DE 19801
                                                    (302) 658-4265 tel.

                                                    Counsel for Plaintiff,
                                                    City of Tacoma