IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITY OF TACOMA,<br><br>  Plaintiff & Counterclaim Defendant,<br><br>  v.<br><br>WORLDGATE COMMUNICATIONS, INC.,<br><br>  Defendant & Counterclaimant. | Civil Action No.05-62-GMS |

**OPENING BRIEF IN SUPPORT OF CITY OF TACOMA'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

          Adam Balick (DE Bar No. 2718)
          Joanne Ceballos (DE Bar No. 2854)
          BIFFERATO GENTILOTTI BIDEN & BALICK
          711 King Street
          Wilmington, DE 19801
          (302) 658-4265

          Attorneys for Plaintiff
          City of Tacoma

Dated: November 7, 2005

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS ..........................................1

SUMMARY OF ARGUMENT............................................................................2

STATEMENT OF FACTS...................................................................................2

ARGUMENT........................................................................................................3

    I.     WORLDGATE'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED AS THE SUBJECT MATTER THEREOF IS GOVERNED BY THE TERMS OF AN EXPRESS CONTRACT........................3

CONCLUSION....................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*City of Tacoma v. WorldGate Communications, Inc.*,
C.A. No. 05-62-GMS, Order (D.Del. Sept. 30, 2005)..............................................................1, 3

*Halstead v. Motorcycle Safety Foundation, Inc.*,
71 F.Supp.2d 455 (E.D.Pa.1999)..................................................................................2

*Walker v. W. Mich. Nat'l Bank & Trust*,
324 F.Supp.2d 529(D.Del. 2004), *aff'd*, 2005 WL 1901550 (3d Cir. Aug. 10, 2005)...............2

**RULES**

Federal Rule of Civil Procedure 12(b)(6).................................................................1, 2

## NATURE AND STATE OF THE PROCEEDINGS

On February 4, 2005, plaintiff, the City of Tacoma ("Tacoma"), filed its Complaint against defendant, WorldGate Communications, Inc. ("WorldGate"). Tacoma alleged three counts in its Complaint: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) unjust enrichment. On February 25, 2005, WorldGate, in lieu of filing an Answer to the Complaint, filed a motion to dismiss the unjust enrichment count of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the unjust enrichment claim is inconsistent with Tacoma's breach of contract claim. The Court granted WorldGate's motion to dismiss Tacoma's unjust enrichment claim by Order dated September 30, 2005, holding that "the finding of an enforceable contract defeats the validity of an unjust enrichment claim." *City of Tacoma v. WorldGate Communications, Inc.*, C.A.No. 05-62-GMS, Order at 2 (D.Del. Sept. 30, 2005).

On October 17, 2005, WorldGate filed its Answer, Affirmative Defenses, and Counterclaims, including a counterclaim demanding restitution on grounds of unjust enrichment (Count IV). Tacoma has filed a motion to dismiss Count IV of WorldGate's Counterclaims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. This is Tacoma's opening brief in support of its motion.

## SUMMARY OF ARGUMENT

Count IV of WorldGate's Counterclaims, which seeks restitution on grounds of unjust enrichment, should be dismissed because the parties' relationship is governed by an express contract.

## STATEMENT OF FACTS

When the Court analyzes a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must accept the factual allegations of the Complaint as true. *Walker v. W. Mich. Nat'l Bank & Trust*, 324 F.Supp.2d 529, 534-35 (D.Del. 2004), *aff'd*, 2005 WL 1901550 (3d Cir. Aug. 10, 2005). Accordingly, the following facts relevant to Tacoma's motion are drawn from the allegations of the Counterclaims, without conceding the truth of those allegations.

On December 17, 1998, Tacoma (through its Click! Network) and WorldGate entered into a seven year contract known as the Affiliation Agreement. Counterclaims ¶6. The Affiliation Agreement (hereinafter referred to as "the Agreement") is attached to the Counterclaims as Exhibit A, as well as to Tacoma's Complaint as Exhibit A. The Agreement attached to Tacoma's Complaint, which includes the parties' Supplemental Agreement and Fourth Amendment, is more complete, and, therefore, Tacoma refers the Court to Exhibit A to the Complaint for purposes of this motion. *Halstead v. Motorcycle Safety Foundation, Inc.*, 71 F.Supp.2d 455, 458 (E.D.Pa.1999)(in resolving a Rule 12(b)(6) motion, court may take into account exhibits attached to the complaint).

WorldGate alleges that it conferred benefits on Tacoma that were above and beyond those it was obligated to provide under the Agreement, specifically, additional equipment, technical support, and funds for marketing campaigns Counterclaims ¶¶18,

19. WorldGate asserts that it is entitled to restitution from Tacoma for "sums it expended extracontractually on [Tacoma's] behalf and/or paid directly to [Tacoma]." Counterclaims ¶20.

## ARGUMENT

I. **WORLDGATE'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED AS THE SUBJECT MATTER THEREOF IS GOVERNED BY THE TERMS OF AN EXPRESS CONTRACT.**

Count IV, WorldGate's unjust enrichment claim, should be dismissed pursuant to the Court's September 30, 2005 Order in this case.[1] The Court held that a party cannot "'recover on an unjust enrichment theory where the parties' relationship is governed by an express contract.'" *City of Tacoma v. WorldGate Communications, Inc.*, C.A.No. 05-62-GMS, Order at 1 (D.Del. Sept. 30, 2005). WorldGate attempts to characterize its unjust enrichment claim as "extracontractual," but the Agreement expressly addresses WorldGate's obligations to provide equipment, technical support, and funds for marketing campaigns.

First, the Agreement, §2(b) & Exhibit B, and the Supplemental Agreement, §8, set forth the terms under which WorldGate was to provide equipment to Tacoma, and the Supplemental Agreement expressly relieved Tacoma of the obligation to pay for additional equipment. Second, the Agreement expressly required WorldGate to "provide technical support to [Tacoma's] customer service and engineering staff, 7 days per week, 24 hours per day" "at no additional charge to [Tacoma]." Agreement, Exhibit B, p.13. Third, the Agreement, Exhibit C, p. 17, and the Supplemental Agreement, §3, expressly obligated WorldGate to engage in various marketing activities at its own expense.

---

[1] Tacoma recognizes the Court's September 30th Order as the law of the case without relinquishing its right to appeal that Order if necessary.

3

Thus, the Agreement not only governs, but expressly refutes, WorldGate's unjust enrichment claim, as WorldGate was contractually obligated to provide additional equipment, technical support, and marketing support at its own expense. Because the subject matter of WorldGate's purported unjust enrichment claim is unquestionably the same as the subject matter of the Agreement, WorldGate's unjust enrichment claim should be dismissed pursuant to the Court's September 30th Order.

## CONCLUSION

For the foregoing reasons, Tacoma requests entry of an order dismissing Count IV of WorldGate's Counterclaims.

BIFFERATO GENTILOTTI BIDEN & BALICK

*/s/ Joanne Ceballos*
Adam Balick (DE Bar No. 2718)
Joanne Ceballos (DE Bar No. 2854)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Plaintiff
City of Tacoma

Dated: November 7, 2005

## CERTIFICATE OF SERVICE

I, Joanne Ceballos, hereby certify that on the 7th day of November, 2005, a copy of the foregoing Opening Brief in Support of City of Tacoma's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) was served by electronic mail on the following counsel for defendant:

David P. Primack, Esquire
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
David.Primack@dbr.com


Matthew Frey
Drinker Biddle & Reath LLP
One Logan Square, 18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
Matthew.Frey@dbr.com


_/s/ Joanne Ceballos_
Joanne Ceballos