IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITY OF TACOMA, a Washington Municipal Corporation, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Civil Action No. 05-62-GMS |
| WORLDGATE COMMUNICATIONS, INC., a Delaware Corporation, | : <br> : <br> : |
| Defendant. | : <br> : |

**ANSWERING BRIEF OF DEFENDANT AND COUNTERCLAIM
PLAINTIFF WORLDGATE COMMUNICATIONS, INC. IN OPPOSITION TO
PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

David P. Primack (#4449)
DRINKER BIDDLE & REATH LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
302-467-4200 (telephone)
302-467-4201 (telecopy)

- and -

John F. Schultz
(seeking pro hac vice admission)
MORGAN LEWIS & BOCKIUS
1701 Market Street
Philadelphia, PA 19103-2921
215-963-5385 (telephone)
215-963-5001 (telecopy)

*Counsel for Defendant
WorldGate Communications, Inc.*

Dated: December 2, 2005

WM\5149\3

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................ ii

I. STATEMENT OF THE PROCEEDINGS ....................................................................... 1

II. STATEMENT OF THE FACTS ...................................................................................... 1

III. STANDARD OF REVIEW ............................................................................................. 2

IV. ARGUMENT ................................................................................................................... 3

    A. WORLDGATE'S UNJUST ENRICHMENT CLAIM IS NOT
    GOVERNED BY THE AFFILIATION AGREEMENT AND
    THEREFORE SHOULD NOT BE DISMISSED ................................................. 3

    B. WORLDGATE SHOULD BE GRANTED LEAVE TO AMEND
    IF THE COURT CONCLUDES THAT THE UNJUST ENRICHMENT
    COUNTERCLAIM IS NOT ADEQUATELY PLEADED ................................. 5

V.    CONCLUSION ......................................................................................................... 5

# TABLE OF AUTHORITIES

*Compaq Computer Corp. v. Inacom Corp.*, C.A. No. 01-108-GMS,
    2001 WL 789408 (D. Del. July 12, 2001) ..............................................................................4

*Walker v. W. Mich. Nat'l Bank & Trust*, 324 F. Supp. 2d 529 (D. Del. 2004),
    *aff'd in part on other grounds*, 145 Fed. Appx. 718 (3d Cir. 2005) ...................................2

I.  **STATEMENT OF THE PROCEEDINGS**

Plaintiff the City of Tacoma (the "City"), filed a three-count complaint against Defendant WorldGate Communications, Inc. ("WorldGate") alleging breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment on February 4, 2005.  The gist of the City's claims is that WorldGate violated a valid express contract, the so-called Affiliation Agreement, between the parties.  On February 25, 2005, WorldGate moved to dismiss the City's unjust enrichment claim on the grounds that the particulars of that claim were subsumed by the contract between the parties and therefore did not state a legally cognizable cause of action.  By Order dated September 30, 2005, the Court granted WorldGate's motion and dismissed the City's unjust enrichment claim.  The Court said that "because the parties agree that a valid contract exists here, Tacoma cannot maintain a claim for unjust enrichment." *Order*, p. 2.

On October 17, 2005, WorldGate filed its Answer, Affirmative Defenses, and Counterclaims in response to the City's Complaint.  Among the counterclaims pleaded by WorldGate is one for unjust enrichment based upon WorldGate having bestowed certain benefits on the City outside the scope of the Affiliation Agreement.  On November 7, 2005, the City filed a motion to dismiss WorldGate's unjust enrichment counterclaim based on the Order.

II.  **STATEMENT OF FACTS**

The City is a municipality located in Pierce County, Washington State and operating a telecommunications business known as the Click! Network.  *Complaint*, ¶¶ 1 and 7.  WorldGate is a technology company, having been a leading provider of interactive television entertainment applications, products and services.  The City and WorldGate signed the WorldGate Affiliation Agreement on December 17, 1998 calling for WorldGate to provide the City with certain hardware and software designed to allow the Click! Network to offer its subscribers interactive services through their television sets.  *Id.* at ¶¶ 9, 10.  In 2003, the Affiliation Agreement

terminated between the parties, although there is a dispute about which party is responsible for that termination.

In addition to any benefits provided under the Affiliation Agreement, WorldGate also provided equipment, technical support and marketing funds to the Click! Network that were not part of the Affiliation Agreement. *Answer, Affirmative Defenses and Counterclaims*, ¶¶ 18, 19. It is the provision of these additional benefits outside the scope of the terminated contract that form the basis of WorldGate's unjust enrichment claim against the City.

### III. STANDARD OF REVIEW

The standard of review applicable to a Rule 12(b)(6) motion to dismiss is well established:

> In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. The moving party has the burden of persuasion.

*Walker v. W. Mich. Nat'l Bank & Trust*, 324 F. Supp. 2d 529, 534-535 (D. Del. 2004) (citations omitted), *aff'd in part on other grounds*, 145 Fed. Appx. 718 (3d Cir. 2005).

### IV. ARGUMENT

#### A. WORLDGATE'S UNJUST ENRICHMENT CLAIM IS NOT GOVERNED BY ANY CONTRACTUAL AGREEMENT AND THEREFORE SHOULD NOT BE DISMISSED.

WorldGate's unjust enrichment claim is not barred by this Court's September 30, 2005 Order because, contrary to the City's motion to dismiss, the benefits WorldGate conferred, and that it would be unjust for the City to keep fall outside the scope of the contractual agreement

between the parties.[1]   The allegations supporting WorldGate's unjust enrichment counterclaim are abundantly clear on this point:

> 18.   While the Affiliation Agreement was in effect between WorldGate and the City, WorldGate conferred benefits on the City that were **above and beyond** what it was obligated to provide under the Affiliation Agreement.
>
> 19.   These benefits included additional equipment, technical support, and funds for marketing campaigns designed to increase interest in the WorldGate services.

*Answer, Affirmative Defenses and Counterclaims,* ¶¶ 18, 19 [emphasis added].

Plaintiff's effort to convince this Court that the Affiliation Agreement subsumes the extra-contractual benefits bestowed by WorldGate is unconvincing.  For example, the City claims that WorldGate could not have provided any equipment outside the Affiliation Agreement because section 2(b) of the Agreement and Exhibit B govern the City's purchase of equipment from WorldGate.[2]  *City's Brief*, p. 3.  However, WorldGate's unjust enrichment claim is not based upon equipment the City "purchased" under the Affiliation Agreement, but instead is based upon equipment loaned or otherwise made available to the City outside the scope of the contract.  Even if the City were correct (which it is not) in arguing that WorldGate provided the equipment pursuant to a contract, there are no provisions in the contract governing the treatment of the unpurchased equipment under the circumstances that exist now and the contract has been terminated (although a dispute of fact exists about who terminated the contract and when). Consequently, the question of whether the City may continue to maintain possession of the

---

[1]  On September 30, 2005, this Court entered an Order dismissing the City's unjust enrichment claim on the basis that a plaintiff may not maintain an unjust enrichment claim when an express contract exists on the same subject. The City appears to concede that the mere existence of a contract between two parties will not act to bar an unjust enrichment claim.  Instead, the law precludes an unjust enrichment claim only if the subject matter of the claim is already covered by a contractual agreement.  To the extent that the City should contest this statement of law in any reply brief, WorldGate would request the right to make an additional submission addressing this particular issue of law.

[2]  The City also references paragraph 8 of the Supplemental Agreement, but that document was not attached to the version of the Complaint served on WorldGate.  Moreover, that agreement, even if applicable, would not change the fact that WorldGate's unjust enrichment counterclaim falls outside the scope of any agreement between the parties.

unpurchased equipment without paying WorldGate is not the subject matter of any contractual agreement between the parties.[3]

In order to grant the City's Rule 12(b)(6) motion, this Court would have to determine that it is beyond doubt that WorldGate can prove no set of facts in support of its unjust enrichment claim that would entitle it to relief. *Compaq Computer Corp. v. Inacom Corp.*, C.A. No. 01-108-GMS, 2001 WL 789408, at *1 (D. Del. July 12, 2001). However, it cannot be determined from the face of WorldGate's pleading that the benefits conferred on the City are covered by the Affiliation Agreement or any other agreement.[4] Because a motion to dismiss may not be used to resolve issues of disputed fact, this Court should deny the City's motion to dismiss WorldGate's unjust enrichment claim.

> **B.  WORLDGATE SHOULD BE GRANTED LEAVE TO AMEND IF THE COURT CONCLUDES THAT THE UNJUST ENRICHMENT COUNTERCLAIM IS NOT ADEQUATELY PLEADED**

To the extent this Court determines that WorldGate has failed to plead sufficient facts to state an unjust enrichment claim based upon conferring benefits on the City that fall outside the scope of the Affiliation Agreement, then WorldGate respectfully requests that the Court grant it leave to amend its unjust enrichment counterclaim to plead additional facts in support of its claim.

---

[3] As with the non-contract equipment, WorldGate also provided technical support and expended funds that were not part of the Affiliation Agreement and that directly benefited the City. *Answer, Affirmative Defenses and Counterclaims*, ¶¶ 19, 19. Bestowing such benefits outside the context of an existing contract is a legitimate basis for an unjust enrichment counterclaim by WorldGate.

[4] The City insinuates that WorldGate's unjust enrichment counterclaim is no different than the City's unjust enrichment claim that was previously dismissed by this Court. However, nothing could be further from the truth. The allegations in the Complaint were clear that the City was pursuing an unjust enrichment claim that was coextensive with its breach of contract claim. Indeed, the Complaint said "WorldGate's partial and/or substandard performance under the Affiliation Agreement and its premature cessation of performance deprived the City of the benefit of the amounts it expended on WorldGate equipment." *Complaint*, ¶ 31. By contrast, WorldGate's unjust enrichment counterclaim is not tied to services provided or benefits it expected to receive under the Affiliation Agreement, but is expressly grounded on benefits conferred outside the contract between the parties. *Answer, Affirmative Defenses and Counterclaims*, ¶¶ 18, 19.

## V. CONCLUSION

WorldGate's unjust enrichment claim is not subsumed by any contractual agreement between the parties and this Court should therefore deny the City's motion to dismiss WorldGate's counterclaim.

Dated: December 2, 2005                           Respectfully,

/s/ David P. Primack
David P. Primack (#4449)
DRINKER BIDDLE & REATH LLP
1100 North Market Street, Suite 1000
Wilmington, DE  19801-1254
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

John F. Schultz                                   *Counsel for Defendant*
(seeking pro hac vice admission)                  *WorldGate Communications, Inc.*
MORGAN LEWIS & BOCKIUS
1701 Market Street
Philadelphia, PA 19103-2921
215-963-5385 (telephone)
215-963-5001 (telecopy)