IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CITY OF TACOMA, a Washington : 
municipal corporation, :
:
Plaintiff, :
:
v. : Civil Action No.05-62-GMS
:
WORLDGATE COMMUNICATIONS, :
INC., a Delaware corporation, :
:
Defendant. :

**REPLY BRIEF OF PLAINTIFF, CITY OF TACOMA,
IN SUPPORT OF ITS MOTION TO DISMISS**

Adam Balick (DE Bar No. 2718)
Joanne Ceballos (DE Bar No. 2854)
BIFFERATO GENTILOTTI BIDEN & BALICK
711 King Street
Wilmington, DE 19801
(302) 658-4265

Attorneys for Plaintiff
City of Tacoma

Dated: December 9, 2005

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff, the City of Tacoma ("Tacoma"), respectfully refers the Court to the statement of the Nature and Stage of the Proceedings set forth in Tacoma's Opening Brief in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Item ["D.I."] 21).

## SUMMARY OF ARGUMENT

Count IV of WorldGate's Counterclaims, which seeks restitution on grounds of unjust enrichment, should be dismissed pursuant to the Court's September 30, 2005 Order dismissing Tacoma's unjust enrichment claim.

## STATEMENT OF FACTS

Tacoma respectfully refers the Court to the Statement of Facts set forth in Tacoma's Opening Brief in Support of its Motion to Dismiss (D.I. 21).

## ARGUMENT

**I.    WORLDGATE'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE THE PARTIES' RELATIONSHIP IS GOVERNED BY AN EXPRESS CONTRACT.**

In its Answering Brief, WorldGate does not dispute that this Court's September 30, 2005 Order controls the Court's ruling on Tacoma's motion to dismiss WorldGate's unjust enrichment claim. That Order states, inter alia, that

(i)   "'a plaintiff cannot recover on an unjust enrichment theory where the parties' relationship is governed by an express contract,'" Order, ¶3;

(ii)  "the finding of an enforceable contract defeats the validity of an unjust enrichment claim," Order, ¶5;

(iii) "because the parties agree that a valid contract exists here, Tacoma cannot maintain a claim for unjust enrichment," Order, ¶5; and

   (iv) "a plaintiff cannot maintain an unjust enrichment claim when an express contract existed on the same subject." Order, ¶5.

In its Order, the Court apparently relied upon the arguments advanced by WorldGate in support of its motion to dismiss Tacoma's unjust enrichment claim. In particular, in its Opening Brief in Support of its Motion to Dismiss, WorldGate argued, "The plaintiff's claims for unjust enrichment must be dismissed because the parties' relationship is governed by a valid express contract." D.I. 5, p.3. WorldGate also argued, "[R]ecovery under a theory of unjust enrichment 'will be considered only if it is determined that the relationship of the parties is not governed by an express contract.'" *Id.* *See also* WorldGate's Reply Brief in Support of its Motion to Dismiss, D.I. 8, p.1 ("The plaintiff here cannot plead a claim for unjust enrichment because its relationship with WorldGate is governed by a valid express contract.")

  Consistent with the Court's Order, and its adoption of the arguments previously advanced by WorldGate, Tacoma argued in its Opening Brief in Support of its Motion to Dismiss that WorldGate's unjust enrichment claim "should be dismissed because the parties' relationship is governed by an express contract." D.I. 21, p.2 ("Summary of Argument") & p. 3. Remarkably, in its Answering Brief, WorldGate takes the position that "[t]he City appears to concede that the mere existence of a contract between two parties will not act to bar an unjust enrichment claim." D.I. 23, p.3,n.1. Not only is there no basis for the Court to conclude that Tacoma made such a concession, but WorldGate, having previously successfully argued that the existence of a contract between the parties precludes an unjust enrichment claim, should be estopped from arguing otherwise now. Therefore, the Court should grant Tacoma's motion to dismiss WorldGate's unjust

2

enrichment claim pursuant to the Court's September 30th Order, because the parties' relationship is governed by a valid express contract.

II.   **WORLDGATE'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE THE SUBJECT MATTER OF THE CLAIM AND THE PARTIES' EXPRESS CONTRACT IS THE SAME.**

Even if, as WorldGate argues, the September 30th Order "precludes an unjust enrichment claim only if the subject matter of the claim is already covered by a contractual agreement," WorldGate never denies, because it cannot, that the *subject* of its unjust enrichment claim is a *subject* addressed in the Affiliation Agreement. WorldGate does not dispute that the Affiliation Agreement addresses the subjects of equipment, technical support, and funds for marketing campaigns, but argues that it provided such items to Tacoma outside the "scope" of the Affiliation Agreement. WorldGate is careful to argue throughout its Answering Brief that its unjust enrichment claim falls outside the "scope" of the Affiliation Agreement, but it never takes the position that its unjust enrichment claim and the Affiliation Agreement do not deal with the same "subject matter." Rather, in order to escape the effect of the Order, WorldGate makes the absurd argument that because the Affiliation Agreement has been terminated, there is no longer a contract which addresses the subject matter of WorldGate's unjust enrichment claim. D.I. 23, p.3. Of course, the parties' relationship was governed by an express contract prior to its termination, and any alleged benefits which WorldGate claims are the basis of its unjust enrichment claim would have been conferred during the period when the Affiliation Agreement was in effect and governed the parties' relationship, as alleged in WorldGate's Counterclaim at paragraph 18.

As specified in Tacoma's Opening Brief in Support of its Motion to Dismiss, the subjects of equipment, technical support and funds for marketing campaigns were addressed in both the Affiliation Agreement and the Supplemental Agreement. D.I. 21, p. 3. Rather than acknowledging the contents of the Supplemental Agreement, which requires WorldGate to provide some equipment and marketing funds without additional compensation, WorldGate simply takes the position that the Supplemental Agreement was not attached to the Complaint served on WorldGate. D.I. 23, p.3 n.2. WorldGate does not claim that it does not have the document, nor that the document was not included in the exhibit to the Complaint filed with the Court, only that it was not attached to the version served on WorldGate. Whether or not the document was included in the Complaint served on WorldGate, the Court, in ruling on a 12(b)(6) motion, may consider, *inter alia*, items appearing in the record of the case. *Halstead v. Motorcycle Safety Foundation, Inc.*, 71 F.Supp.2d 455, 458 (E.D.Pa.1999)(cited in Tacoma's Opening Brief). The Court's determination is not limited to the face of WorldGate's pleading, as WorldGate asserts. D.I. 23, p.4. WorldGate's utter failure to explain the viability of its unjust enrichment claim in light of the Supplemental Agreement is telling.

Because both the Affiliation Agreement and the Supplemental Agreement cover the same subject matter as WorldGate's unjust enrichment claim, Count IV of WorldGate's Counterclaims should be dismissed pursuant to the Court's September 30th Order.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Tacoma respectfully requests that the Court grant its Motion to Dismiss Count IV of WorldGate's Counterclaims and enter an Order in the form attached to Tacoma's Motion.

BIFFERATO GENTILOTTI BIDEN & BALICK

/s/ Joanne Ceballos
Adam Balick (DE Bar No. 2718)
Joanne Ceballos (DE Bar No. 2854)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Plaintiff
City of Tacoma

Dated: December 9, 2005

## CERTIFICATE OF SERVICE

I, Joanne Ceballos, hereby certify that on the 9th day of December, 2005, a copy of the foregoing City of Tacoma's Reply Brief in Support of its Motion to Dismiss was served by electronic mail on the following counsel for defendant:

David P. Primack, Esquire
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
David.Primack@dbr.com


John F. Schultz, Esquire
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103
john.schultz@morganlewis.com

_____
Joanne Ceballos