# BIFFERATO GENTILOTTI
# BIDEN & BALICK

October 27, 2005

Vincent A. Bifferato, Jr.
Ian Connor Bifferato
Jeffrey M. Gentilotti
Joseph R. Biden, III
Adam Balick
George T. Lees, III
Veronica O. Faust
Joanne Ceballos
David W. deBruin*
David A. Denham
Catherine Zwolak Kilian
Joseph K. Koury
Garvan F. McDaniel
*Admitted in PA & NJ only

Senior Counsel
Sidney Balick
Vincent A. Bifferato
William Swain Lee
Carl Schnee

Email: jceballos@bgbblaw.com
Direct Fax: 302-658-1682
Reply To: 711 King Street

**VIA HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    *City of Tacoma v. WorldGate Communications, Inc.*
            C.A. No. 05-62-GMS

Dear Judge Sleet:

      Please find enclosed a final form of Scheduling Order which includes the dates discussed at this morning's scheduling conference. Two dates apparently were not discussed, those for filing an interim status report (paragraph 7) and a status conference (paragraph 8). If the Court would like to receive an interim status report, the parties jointly propose to submit it on March 1, 2006, and have included that date in paragraph 7 of the enclosed form of order. The parties will await Your Honor's advice at to whether and when you wish to schedule a status conference.

                                    Respectfully,

                                      Joanne Ceballos

Enclosure
cc:    Clerk of the Court (via hand delivery)(w/enc.)
        David P. Primack, Esquire (via electronic mail)(w/enc.)
        Matthew Frey, Esquire (via electronic mail)(w/enc.)

www.bgbblaw.com

| 1308 Delaware Avenue | 200 Biddle Avenue, Suite 203 | 711 King Street | 701 Rehoboth Avenue |
| --- | --- | --- | --- |
| Wilmington, DE 19806 | Newark, DE 19702 | Wilmington, DE 19801 | Rehoboth Beach, DE 19971 |
| Phone: 302 429 1900 | Phone: 302 429 1900 | Phone: 302 658 4265 | Phone: 302 227 6600 |
| Fax: 302 429 8600 | Fax: 302 832 7540 | Fax: 302 658 1682 | Toll-Free: 866 618 2433 |
| | | | Fax: 302 227 6778 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CITY OF TACOMA, a Washington municipal corporation, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-62-GMS |
| WORLDGATE COMMUNICATIONS, INC., a Delaware corporation, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## SCHEDULING ORDER

This ____ day of October, 2005, the Court having conducted a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2(b) on October 27, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 27, 2005.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before April 28, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    b. <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    c. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed two (2) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the

application for relief may file a letter, not to exceed two (2) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

    4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty days from the date of this Order.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    5.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

    6.    <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

    7.    <u>Interim Status Report</u>. On March 1, 2006, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On _____, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ a.m./ p.m. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 12, 2006. Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference</u>. On October 11, 2006, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order available on the Court's website on or before September 18, 2006.

12. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses shall be set forth in the proposed pretrial order. Each party

shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

  13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a compact disk (in Word Perfect Format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

  14. <u>Trial</u>. This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on October 30, 2006.

                    _____
                    UNITED STATES DISTRICT JUDGE